UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SYREETA WILSON, on behalf of herself ) 
and all other plaintiffs known and unknown, )
)
Plaintiff, )
) Case No. 11-cv-2353
v. )
) Judge John W. Darrah
PIONEER CONCEPTS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Syreeta Wilson brought this action under the Fair Labor Standards Act

("FLSA"), codified at 29 U.S.C. § 201 *et seq.*; the Portal-to-Portal Act, codified at

29 U.S.C. § 251 *et seq.*; the Illinois Minimum Wage Law, codified at 820 ILCS 105/1

*et seq.*; and the Illinois Wage Payment and Collection Act, codified at 820 ILCS 115/1

*et seq.* Defendant Pioneer Concepts, Inc. ("Pioneer") moved to dismiss all claims.

### BACKGROUND

The following facts are taken from Wilson's Complaint and are accepted as true

for purposes of resolving this Motion to Dismiss.

Pioneer is engaged in the business of providing and staffing facilities for assisted

and long-term health care. (Compl. ¶ 3.) Wilson is a former Pioneer employee who

performed kitchen/cook duties at one of Pioneer's locations. (Compl. ¶ 4.) Pioneer is an

"enterprise" engaged in commerce such that Wilson (and other kitchen/cook employees

with "similar" claims) is engaged in commerce as defined by the FLSA. (Compl. ¶¶ 4-5.)

The substantive acts giving rise to Wilson's Complaint are stated in two paragraphs. The first addresses Pioneer's apparent policy of requiring employees to work over lunch breaks without pay:

> Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed during their lunch break, without pay for that time. In some instances that unpaid time should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have totaled over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues [*sic*] herein relied upon.

(Compl. ¶ 11.) Wilson also alleges that Pioneer improperly rounded time-clock punches to its benefit:

> Defendant did not account for all the time worked based on time clock punches, but instead rounded the time to their benefit when calculating the numbers of hours worked each week. In some instances that unpaid time should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have been [*sic*] totaled over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues [*sic*] herein relied upon.

(Compl. ¶ 12.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*) (quoting

2

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 569 n.14).

In addressing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*Iqbal*). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (*Brooks*) (quoting *Twombly*, 550 U.S. at 556).

The Seventh Circuit has summarized the requirements of a well-pleaded complaint as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Id.* at 581.

3

## ANALYSIS

Counts I, II, and III of Wilson's Complaint purport to be for violations of the FLSA. In Count I, Wilson alleges that she (and others similarly situated) is entitled to time-and-a-half compensation for all hours worked in excess of forty during the two years preceding the filing of this action. In Count II, she asserts that Pioneer "continues a pattern of deliberate, voluntary, intentional, and willful violation of the [FLSA] in that its practice, as described above, continues and all past amounts of unpaid wages remain unpaid." (Compl. ¶ 15.) Wilson therefore seeks time-and-a-half pay for all hours worked in excess of forty in any given week for the preceding *three* years. In Count III, Wilson claims that Pioneer's act of denying overtime compensation to Wilson (and similarly situated employees) was "not based upon good faith or reasonable grounds"; she therefore seeks liquidated damages pursuant to 29 U.S.C. § 260. (Compl. ¶ 18.)

These allegations are insufficient under *Twombly* and its progeny. As an initial matter, Wilson's vague allegations regarding Pioneer's employment of persons "including the named Plaintiff" do not clearly state that Wilson, herself, was forced to work without pay over any of her lunch breaks or that she, herself, worked any hours for which she was not compensated as a result of Pioneer's alleged rounding policy.[1] Nor

---

[1] Also, Department of Labor regulations provide that employers' practices of rounding time is acceptable "provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b); *see also Harding v. Time Warner, Inc.*, No. 09-cv-1212-WQH-WMC, 2010 WL 457690, at *5 (S.D. Cal. Jan. 26, 2010) (dismissing FLSA claim because conclusory allegations regarding rounding were "not sufficient to plausibly suggest a violation of FLSA"). Here, Wilson merely alleges, in conclusory fashion, that Pioneer rounded the time to its benefit. Wilson does not allege facts that support a claim that Wilson was harmed by this practice.

does Wilson allege that she worked more than forty hours in any given week, much less when those hours were worked or how many overtime hours she worked without proper compensation. Instead, she merely asserts that she and others were employed by Pioneer and that unidentified employees (not necessarily including Wilson) worked overtime without pay. Thus, Wilson fails to allege facts sufficient to state a plausible claim that Pioneer violated her rights under the FLSA.

Moreover, Wilson's statement that Pioneer's alleged FLSA violations are "deliberate, voluntary, intentional, and willful" (Compl. ¶ 15) or her allegation that Pioneer's acts "were not based upon good faith or reasonable grounds" (Compl. ¶ 17) are nothing more than conclusory recitals of a cause of action.

Numerous courts have held such conclusory allegations of FLSA violations to be insufficient. *See, e.g., Nakahata v. N.Y.-Presbyterian Healthcare Sys, Inc.*, No. 10 Civ. 2661(PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (dismissing FLSA claims based on unpaid overtime for unspecified meal periods and breaks where plaintiffs failed to allege the approximate number of overtime hours worked or when those unpaid wages were earned); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 10-CV-1341 (JFB)(ETB), 2011 WL 899296, at *6 (E.D.N.Y. Mar. 16, 2011) (dismissing FLSA claim because "it contained 'no factual allegations about when the alleged unpaid wages were earned (i.e., which lunches and breaks were worked through without proper compensation), or the number of hours allegedly worked without compensation– the heart of the claim.'") (citation omitted); *Manning v. Boston Med. Ctr. Corp.*, Civ. Action No. 09-11463-RWZ, 2011 WL 796505, at *1 (D. Mass. Feb. 28, 2011) (dismissing FLSA

5

claim where complaint did not allege "even in the most approximate terms, the dates on which each of the named plaintiffs worked during lunch breaks, the aggregate time of those lunch breaks, and the amount of unpaid wages").

Ultimately, Wilson merely alleges that she was an employee of Pioneer; that unidentified employees worked an unidentified number of extra hours during lunch breaks and had an unspecified amount of time rounded off to their detriment at the time clock; and that some of those employees may have worked overtime without proper pay. This is insufficient to put Pioneer on notice of a plausible FLSA claim against it. Accordingly, Counts I, II, and III are dismissed. Furthermore, because these claims provide the only claimed basis for independent federal subject-matter jurisdiction – Counts IV and V purport to state claims for violation of Illinois laws and are brought pursuant to this Court's supplemental jurisdiction – Wilson's Complaint is dismissed in its entirety. Wilson is granted leave to file an amended complaint within 28 days of the entry of this Memorandum Opinion and Order.

## CONCLUSION

For the reasons stated above, Pioneer's Motion to Dismiss is granted. Wilson is granted leave to file an amended complaint within 28 days of the entry of this Memorandum Opinion and Order.

Date: _September 1, 2011_

JOHN W. DARRAH
United States District Court Judge

6